IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, ) | |
| ) | Civil Action No. 10-416 |
| Petitioner, ) | District Judge Donetta Ambrose |
| ) | Magistrate Judge Cynthia Reed Eddy |
| v. ) | |
| ) | |
| JEFFREY BEARD, et al, ) | |
| ) | |
| Respondents. ) | |

**REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this case be dismissed with prejudice, *sua sponte*, due to plaintiff's repeated failures to comply with the orders of this Court, and failure to prosecute.

**II. REPORT**

Plaintiff Darien Houser ("Plaintiff") is an inmate incarcerated at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. Plaintiff filed this cause of action against numerous Defendants on March 29, 2010, alleging claims arising from the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, and various state tort laws. (doc. no. 4). As of the time of this Report and Recommendation, Defendants have not yet been served the complaint, despite numerous court orders to do so. See (docs. no. 6, 7, 10, 13, and 19). On February 3, 2011, this Court denied plaintiff's motion for discovery because none of the defendants had been served. (doc. no. 16). And they still have not been served.

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal

Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988).

Because five of the six *Poulis* factors weigh heavily in favor of dismissal, this case should be dismissed with prejudice. Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the numerous orders set forth above. The responsibility for his failure to respond to the orders in question is Plaintiff's alone.

(2) Prejudice to the adversary.

The complaint has not yet been served on Defendants. As such, there is no indication that

Defendants have been prejudiced.

(3) A history of dilatoriness.

Plaintiff has not made any effort to move this case forward and has ignored this Court's orders, repeatedly. The consistent level of inattention Plaintiff continues to display is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any "excusable neglect," *Poulis*, *supra*. The conclusion that his failure is willful is inescapable.

(5) Alternative sanctions.

This case is about 21 months old, and Plaintiff has received several clear warnings about the consequences of failing to comply with Court orders, including the most basic requirement that the Defendants be served. Imposition of costs or fees upon Plaintiff would likely be ineffective as a sanction.

(6) Meritoriousness of Plaintiff's case.

Plaintiff has made serious but disjointed and conflated factual allegations of retaliation, deliberate indifference to his medical conditions, and other civil rights claims, against 34 named defendants in his Complaint, but in the following 21 months, he has done nothing to add to or flesh out these claims or to move them along in any meaningful way. His allegations have been untested since there has been no service of his complaint. Thus, while his complaint, liberally construed, *arguably might* articulate civil rights claims, the number of defendants, the disjointed statement of his claims and the fact that defendants have not been given the opportunity to challenge his claims greatly diminish any potential merit to his case.

# III. CONCLUSION

For the reasons stated above, it is respectfully recommended that this case be dismissed with prejudice, *sua sponte*, due to Plaintiff's repeated failure to comply with the orders of this Court, and failure to prosecute.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72(D)(2) of the Local Rules for Magistrates Judges, Plaintiff is allowed until January 4, 2012, to file objections to this report and recommendation. Failure to file objections will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: December 16, 2012

s/ Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc:  
Darien Houser  
GL-7509  
175 Progress Drive  
Waynesburg, PA 15370