IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| DARIEN HOUSER, | ) | |
|---|---|---|
| | ) | Civil Action No. 10-416 |
| Petitioner, | ) | District Judge Donetta W. Ambrose |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| v. | ) | |
| | ) | |
| JEFFREY BEARD, *ET AL.*, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.     RECOMMENDATION

It is respectfully recommended that Plaintiff's Motion for Injunctive Relief (ECF No. 34) and Plaintiff's Motion for Transfer (ECF No. 36) both be denied.

II.     REPORT

On March 29, 2010, Plaintiff, Darien Houser, an inmate incarcerated at the State Correctional Institution at Greene (SCI-Greene) in Waynesburg, Pennsylvania, filed this cause of action against over thirty individuals at SCI-Greene alleging claims arising from the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, and various state tort laws. Due to Plaintiff's failure to provide the Court with proper service documents, despite numerous court orders to do so, service of the Complaint only recently has been accomplished.

Presently pending before the Court are two motions filed by Plaintiff seeking injunctive relief. Specifically, on April 3, 2012, Plaintiff filed a Motion for Injunctive Relief (ECF No. 34) and on May 25, 2012, he filed a Motion for Transfer seeking a transfer out of SCI-Greene (ECF No. 36). This Court has discretion to grant preliminary injunctive relief under Fed. R. Civ. Proc. 65. The party seeking a preliminary injunction has the burden of demonstrating: 1) a reasonable probability of success on the merits; 2) irreparable harm if the injunction is denied; 3) that the issuance of an

1

injunction will not result in greater harm to the mon-moving party; and 4) that the public interest would best be served by granting the injunction. Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 879 (3d Cir. 1997); Clean Ocean Action v. York, 57 F.3d 328, 331 (3d Cir. 1995); Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191-92 (3d Cir. 1990). The Court should issue the injunction only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief. Opticians, 920 F.2d at 192 (citing ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987)). The purpose of the preliminary injunction is to preserve the *status quo* until the rights of the parties can be fairly and fully investigated and determined by strictly legal proofs and according to the principles of equity. Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980). Thus, the grant of injunctive relief is an "extraordinary remedy which should be granted only in limited circumstances." American Telephone & Telegraph Co. v. Winback and Conserve Program, Inc., 42 F.3d 1421 (3d Cir. 1994) (quoting Frank's GMC Truck Center, Inc. v. General Motor Corp., 847 F.2d 100, 102 (3d Cir. 1988).

Plaintiff's requests for injunctive relief have no relationship to the underlying claims in his Complaint filed on March 29, 2010. In this regard, Plaintiff seeks injunctive relief concerning events that post-date the filing of his Complaint and involve some persons who are not even parties to the instant action. Specifically, Plaintiff seeks injunctive relief to protect him from receiving frivolous and/or retaliatory misconducts and to require that he be housed in a particular type of cell, receive specific medical treatment and be transferred to a different institution.

A preliminary injunction is not an appropriate vehicle for trying to obtain relief that is not related to the claims set forth in the underlying action. Westbank Yellow Pages v. BRI, Inc., Civ. No. 96-1128, 1996 WL 255912, *1, (E.D. La. May 13, 1996). *See also* Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("Devose's motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his inadequate medical treatment lawsuit. Although these new assertions might support additional claims against the same prison

officials, they cannot provide the basis for a preliminary injunction in this lawsuit."); Spencer v. Stapler, Civ. No. 04-1532, 2006 WL 2052704, *9 (D. Ariz. July 21, 2006) ("Plaintiff's motion [for injunctive relief] concerns events that are unrelated to the subject of his complaint and that concerns conduct of persons other than the Defendants. Plaintiff's request will therefore be denied."); Williams v. Platt, 2006 WL 149024, *2 (W.D. Okla. Jan. 18, 2006) ("The complaint addresses two matters at the Logan County Jail: (1) the denial of medical treatment between March and June 2001; and (2) the promotion of an inmate assault on November 8, 2001. In his requests for injunctive relief, the Plaintiff addresses matters at a separate facility, involving harassment, conspiracy, denial of a bottom bunk, and confiscation of legal materials. A preliminary injunction would be inappropriate to address wrongs wholly unrelated to the complaint.") (footnotes omitted).

Moreover, there is a "general rule that a court may not enter an injunction against a person who has not been made a party to the case before it." Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc., 96 F.3d 1390, 1394 (Fed. Cir.1996) (citing Scott v. Donald, 165 U.S. 107, 117 (1897) ("The decree is also objectionable because it enjoins persons not parties to the suit.")). Indeed, courts have refused to issue injunctions against non-parties. *See* U.S. Commodity Futures Trading Comm'n v. Amaranth Advisors, LLC, 523 F.Supp.2d 328, 334-35 (S.D.N.Y. 2007) (denying motion for a preliminary injunction against the Federal Energy Regulatory Commission because it was not a party to the suit and it was not an "officer, agent, servant, employee, or attorney" of any party); Williams v. Platt, Civ. No. 03-281-C, 2006 WL 149024 at *2 (W.D. Okla. Jan.18, 2006) (unpublished) (denying motion for an injunction noting that the movant had "not established a relationship between the preliminary injunction and the underlying civil rights claim, and he seeks to bind non-parties without any suggestion of active concert or participation by the named defendants"). Moreover, once a court has issued an injunction against a party, that injunction may only be enforced against non-parties that are officers, agents, servants, employees, or attorneys of a party, or ones that are in active concert or participation with such non-parties or the party itself. Fed. R. Civ. P. 65(d)(2). To be bound by an

injunction, a "non-party must have constructively had his day in court." Harris County, Tex. v. CarMax Auto Superstores Inc., 177 F.3d 306, 314 (5th Cir. 1999) ("the relevant inquiry is ... whether [the non-party] had such a key role in the corporation's participation in the injunction proceedings that it can be fairly said that he has had his day in court in relation to the validity of the injunction." ) (citation omitted).

Plaintiff's injunction requests are an improper attempt to expand his original Complaint to reach unrelated issues and new parties. The subject of his requests must be brought as a separate action and will not be addressed in the present action, which was filed in 2010. To allow this would allow Plaintiff to circumvent the PLRA's filing, exhaustion and 3-strike requirements by allowing him to assert an entirely new cause of action as a request for injunctive relief.

Alternatively, even if the court assumed that the motions for preliminary injunction were sufficiently related to the Complaint, Plaintiff has failed to show that he is entitled to such relief. Specifically, in order to receive injunctive relief, the movant bears the burden of establishing a "clear showing of irreparable injury." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989); ECRI v. McGraw-Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987) (it is not enough to merely show irreparable harm: the plaintiff has the burden of showing immediate irreparable injury, which is more than merely serious or substantial harm and which cannot be redressed with money damages). An injunction is not issued simply to eliminate the possibility of a remote future injury. Acierno v. New Castle County, 40 F.3d 645, 655 (3d Cir. 1994). The facts must clearly support a finding that immediate and irreparable injury will result to the movant if preliminary relief is denied. United States v. Stazola, 893 F.2d 34, 37 n.3 (3d Cir. 1990). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Id*.

In his claims for preliminary injunctive relief, Plaintiff requests that this Court order Defendants to refrain from harassing him, refrain from issuing misconducts against him, remove

4

him from the restricted housing unit (RHU), provide him with specific medical treatment, and transfer him to another institution. These requests are directed not merely at preserving the *status quo*; instead, they seek mandatory relief. In this situation, the burden on the moving party is particularly heavy. See Punnett v. Carter, 621 F.2d 578, 582 (3d Cir. 1980); Acierno, 40 F.3d at 653. Moreover, in the prison context, a request for injunctive relief always must be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration. Rush v. Correctional Medical Services, Inc., 287 Fed. App'x 142, 144 (3d Cir. 2008) (citing Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). Where a plaintiff requests an injunction that would require the Court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." Rizzo v. Goode, 423 U.S. 362, 379 (1976). The federal courts are not overseers of the day-to-day management of prisons. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." Wolff v. McDonnell, 418 U.S. 539, 566 (1974). Accordingly, prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. Beard v. Banks, 548 U.S. 521, 528 (2006); Bell v. Wolfish, 441 U.S. 520, 527 (1979).

Plaintiff's requests for injunctive relief fail to show any immediate, irreparable injury that will result from the Court's denial of his motions that cannot be compensated with money damages. Such relief, if necessary, should be required only after a full review of the relevant facts and law. Further, the granting of injunctive relief in this case could harm both the Defendants' and the public's interest as it would result in the federal courts making *ad hoc*,

5

individual, decisions concerning the treatment of a single prisoner. Therefore, consideration of whether granting preliminary relief will result in even greater harm to the nonmoving party and whether granting the preliminary relief will be in the public interest weighs against granting relief in this case. Finally, Plaintiff has not demonstrated that he is likely to prevail on the merits of his underlying claims. Accordingly, Plaintiff's motions for preliminary injunctive relief should be denied. *Accord* Kershner v. Mazurkiewicz, 670 F.2d 440, 443 (3d Cir. 1982).

## III. CONCLUSION

Based on the discussion above, it is respectfully recommended that Plaintiff's Motion for Injunctive Relief (ECF No. 34) and Plaintiff's Motion for Transfer (ECF No. 36) both be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and the Local Rules for Magistrates, the parties are allowed fourteen (14) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

June 27, 2012

                     s/ Cynthia Reed Eddy
                     Cynthia Reed Eddy
                     United States Magistrate Judge

Darien Houser
GL-7509
175 Progress Drive
Waynesburg, PA 15370