IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, | ) |
|         Petitioner, | )  Civil Action No. 10-416 |
|     v. | )  District Judge Donetta W. Ambrose |
| JEFFREY BEARD, *ET AL.*, | ) |
|         Respondents. | ) |

## MEMORANDUM ORDER

The above captioned case was initiated on March 29, 2010, by the filing of a motion to proceed *in forma pauperis* and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the Local Rules of Court for Magistrate Judges.

Presently pending before the Court is an appeal Plaintiff filed regarding several orders of the Magistrate Judge and a request for appointment of counsel. This case was filed over two years ago and the Court will not engage in any further dilatory tactics by Plaintiff that have caused such delays in adjudicating this case. In this regard, shortly after this case was filed, Plaintiff was ordered to provide proper instructions, U.S. Marshal Form 285 for service upon Defendants along with a completed notice and waiver of summons for each Defendant and a copy of the complaint for each Defendant (ECF No. 5). When Plaintiff failed to comply with this Order, the Court issued an Order to Show Cause (ECF No. 6). When Plaintiff failed to respond to that Order, the Court dismissed this action for failure to serve within the prescribed 120 days (ECF No. 7).

1

On August 23, 2010, Plaintiff filed a Motion for Reconsideration claiming that he had advised the Magistrate Judge through a "Letter in Application Notice" that he could not afford to make service copies for the then thirty-two defendants he filed against because he was litigating another case in the Eastern District of Pennsylvania. In an abundance of caution, on December 8, 2010, the Court granted Plaintiff's motion for reconsideration to the extent that it ordered the case to be reopened. However, to the extent that Plaintiff sought to place this lawsuit in abeyance, the motion was denied and the Court specifically noted that "[i]t was Plaintiff's choice to initiate a lawsuit naming 32 Defendants, and the grant of permission to proceed *in forma pauperis* notwithstanding, Plaintiff is responsible to bear the expenses associated with it should he wish to proceed. *See* Tabron v. Grace, 6 F.3d 147, 158- 160 (3d Cir. 1993)." ECF No. 9.

On December 9, 2010, the Court again ordered Plaintiff to provide proper service documents for all of his 32 named defendants (ECF No. 10). On December 20, Plaintiff filed a Motion for Extension of Time claiming that his original complaint was removed from his property box and he had "no reason to look" for it prior to the Court's Order. On January 3, 2011, the Court granted Plaintiff an extension of time until January 24, 2011 to provide his service documents.

On January 25, 2011, the Court ordered Plaintiff to provide a completed notice and waiver of summons (waivers) for each Defendant, on or before February 15 2011, as the waivers Plaintiff submitted were incorrect (ECF No. 13). On January 26, 2011, Plaintiff filed a motion seeking leave to file an amended complaint and for reconsideration of the Court's December 8, 2010, Order in which Plaintiff's request to place this case in abeyance was denied. On February 4, 2011, the Court granted Plaintiff's motion to file an amended complaint and ordered him to file "a comprehensive amended complaint, containing all factual allegations and legal claims

with respect to all Defendants, on or before April 1, 2011." The Court further ordered that Plaintiff provide service copies of the amended complaint, properly completed U. S. Marshal 285 forms for all newly-named or newly-identified Defendants and Notice and Waiver of Service forms for each Defendant, on or before April 1, 2011. ECF No. 17. On February 16, 2011, Plaintiff filed another "Letter in Application Notice," which he contends is a Supplemental Complaint, which is in direct contravention of the Court's directive to file ONE comprehensive amended complaint containing all of his claims. Again on May 4, 2011, Plaintiff was ordered to provide completed copies of service documents for Defendants Durco, Kennedy, Vihlidal, Nunez, Griskin, and Braun. Again on May 12, 2011, Plaintiff requested an extension of time in a Letter in Application Notice." On May 12, 2011, the Court granted Plaintiff an extension until June 1, 2011.

On December 16, 2011, the Court issued a Report and Recommendation to dismiss this case due to Plaintiff's repeated failure to comply with this Court's Orders. Plaintiff was notified that he had until January 6, 2012 to file written objections. No objections were filed by that date, and on January 23, 2012, the Court entered an Order (ECF No. 27) adopting the Report and Recommendation (ECF. No. 26) dated December 16, 2011 as the Opinion of the Court and dismissing the case with prejudice for failure to prosecute. Subsequently, on January 30, 2012, Plaintiff filed a motion for reconsideration and to file another amended complaint to which he attached two letters in application notices (ECF No. 28). On March 7, 2012, the Court vacated its January 23, 2012 Order and remanded this matter to me for further pretrial proceedings.

On April 6, 2012, this Court ordered the United States Marshal to effectuate service. Due to confusion as to what document constituted the operative complaint in this action, on May 30, 2012, the Magistrate Judge entered the following Order.

ORDER that Plaintiff file an amended complaint in this action no later than June 15, 2012. The amended complaint must include all defendants and all causes of action and must set forth clearly-identified causes of action that both identify Plaintiff's legal theories and facts suggestive of the proscribed conduct alleged in one stand-alone document without reference to any other document filed in this matter. See Fed. R. Civ. P. 8. Plaintiff is strictly cautioned that the inclusion of separate, unrelated claims from those set forth in his prior complaint will be considered a failure to comply with an order of Court and will result in dismissal of the amended complaint.

On June 7, 2012, Plaintiff requested yet another extension of time to file his amended complaint. On June 7, 2012, this Court granted Plaintiff an extension until July 16, 2012 to file his amended complaint, noting that no further extensions would be granted.

On July 31, 2012, Plaintiff filed yet another motion seeking reconsideration of his motion for an extension of time to file his amended complaint (ECF no. 79) and yet another Letter in Application" to the Court (ECF No. 80). With these pleadings, Plaintiff included an Amended Complaint dated July 15, 2012, along with a large packet of what appeared to be original documents pertaining to grievances he has filed.

Noting that over two years had passed since this case had been initiated, on August 6, 2012, the Magistrate Judge denied Plaintiff's motion for an extension of time to file yet another amended complaint and ordered that the July 15, 2012 Amended Complaint be docketed as the operative complaint in this proceeding. Also on August 6, 2012, the Magistrate Judge ordered Plaintiff to provide proper instructions, U.S. Marshal Form 285 for service upon all newly identified Defendants along with a completed notice and waiver of summons and a copy of the complaint for each newly identified Defendant in his Amended Complaint, to the Clerk of Court, for the Western District of Pennsylvania, on or before August 17, 2012. On August 21, 2012, the Court issued an Order directing the United States Marshal to make service of the Amended Complaint (ECF No. 86). This Order further directed that Plaintiff must provide the United

States Marshal a separate "Process Receipt and Return" form (USM-285) for each newly identified Defendant containing the full name and complete address.

On September 4, 2012, Plaintiff filed an appeal. In his appeal, Plaintiff first objects to the Order denying him leave to file another amended complaint. As noted by the Magistrate Judge, Plaintiff has had over two years to file a proper complaint in this action. There simply is no basis upon which to allow him more time to file yet another complaint. The Court cannot allow dilatory plaintiffs to control its docket. Plaintiff has been cautioned that he must comply with court orders despite his incarceration.

Plaintiff further objects to the Court Orders requiring him to provide proper service documents for each of the newly identified Defendants. The Plaintiff chose to file an Amended Complaint against additional defendants and he alone is responsible for providing accurate service documents for service against each and every defendant. Goodson v. Maggi, Civil No. 08-44, 2009 WL 936528, 1 (W.D. Pa. April 3, 2009).

Plaintiff further complains that he will require further extensions of time due to his medical condition of angioedema. As stated above, this case was filed over two years ago and the Court has an obligation to move its docket. All litigants must comply with Court deadlines. Plaintiff has shown a remarkable capacity to file a voluminous amount of lengthy pleadings with the Court, notwithstanding his angioedema. Thus, he has not demonstrated any real need for special treatment by this Court with respect to deadlines.

Finally, Plaintiff seeks counsel in his appeal. In the case of Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993), the Court of Appeals for the Third Circuit identified standards to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28

U.S.C. § 1915(d). The court recognized that there are significant practical restraints on the district court's ability to "appoint" counsel:

> the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation.

6 F.3d at 157. The court also recognized that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. The court stated:

> [T]he frequent unwillingness of lawyers to accept appointment in such cases is not only a function of the time pressures lawyers face in trying to earn a living in an increasingly competitive field, but also by circulating knowledge of the indignities that some lawyers have been subjected to by certain litigants, including verbal and written abuse, excessive demands and complaints, and malpractice suits. We trust the district judges will be sensitive to such problems in making discretionary decisions in this area.

Id. at 157, n.7.

The court further recognized that volunteer lawyer time is extremely valuable and district courts should not request counsel indiscriminately:

> [v]olunteer lawyer time is a precious commodity . . . . Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste.

Id. at 157. Finally, the court emphasized that "appointment" of counsel remains a matter of discretion and the decision must be made on a case-by-case basis.

The Court of Appeals in <u>Tabron</u> identified standards to be considered by the district courts in exercising their discretion whether to "appoint" counsel pursuant to 28 U.S.C. § 1915(d) (now subsection (e)). First, the Court must consider the merits of the plaintiff's claim. It should not appoint counsel unless it appears that the claim has some merit in fact and law. <u>Tabron</u>, 6 F.3d at 155. Other factors a court should consider include the plaintiff's ability to

present his or her case; the plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English; restraints placed upon him or her by confinement; whether the claim is truly substantial; the difficulty or complexity of the legal issues; the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation; the extent to which prisoners and others suffering confinement may face problems in pursuing their claims; whether the claims are likely to require extensive discovery and compliance with complex discovery rules; whether the case is likely to turn on credibility determinations; whether the case will require testimony from expert witnesses; and whether an indigent plaintiff could retain counsel on his or her own behalf.

The Amended Complaint has only been recently filed and it is not yet clear to the Court whether it has any merit, either in fact or in law. It may present complex credibility determinations but at the present stage it is too early to make that determination. As a *pro se* litigant plaintiff will have the benefit of Haines v. Kerner, 404 U.S. 519 (1972) and its progeny, which provides that courts must liberally construe *pro se* pleadings. Considering the severe shortage of attorneys with experience and knowledge in this area of the law, who are also willing to take these cases *pro bono*, it does not appear that this case merits a request by this court for counsel to represent him pursuant to 28 U.S.C. § 1915(e) at this point in the litigation. Additionally, Plaintiff has made no showing that he has made any attempt to retain counsel himself. Furthermore this Court notes that Local Civil Rule 10.C indicates that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved." Should the case survive any dispositive motions and appear ready to proceed to trial, the Court will reconsider this request. Accordingly, Plaintiff's Motion for Appointment of Counsel shall be denied.

AND NOW, this 5th day of September, 2012;

IT IS HEREBY ORDERED that Plaintiff's Appeal (ECF No. 90) is **DENIED** as none of the Magistrate Orders are clearly erroneous or contrary to law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel is **DENIED**.

IT IS FURTHER ORDERED that this matter is remanded back to the magistrate judge for all further pretrial proceedings.

By the Court:

Donetta W. Ambrose
United States District Judge

Darien Houser
GL-7509
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370