Case 2:10-cv-00416-DWA-CRE   Document 149   Filed 01/04/13   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER,<br>    Petitioner,<br><br>    v.<br><br>JEFFREY BEARD, et al,<br>    Respondents. | Civil Action No. 10-0416<br>District Judge Donetta W. Ambrose<br>Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM ORDER**

Plaintiff Darien Houser is an inmate at the State Correctional Institution at Greene ("SCI-Greene") in Waynesburg, Pennsylvania. Plaintiff filed this cause of action against 38 Defendants on March 29, 2010, alleging claims arising from the Civil Rights Act of 1871, 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. § 12101, and various state tort laws. (ECF No. 4). Defendants are various employees and officials of the Pennsylvania Department of Corrections and various health care providers of services at SCI-Greene. On August 4, 2010, this case was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the local rules of court, and on October 27, 2011, the case was reassigned to this Magistrate Judge.

The Court granted the Department of Corrections Defendants' Motion to Schedule Mediation (ECF No. 132) on October 25, 2012, and on November 20, 2012, conducted a mediation proceeding at SCI-Greene with Plaintiff, representative defendants and all counsel of record, which lasted approximately two hours and 15 minutes. The mediation was thorough, meaningful and professional on the part of all counsel and parties, and, although mostly unsuccessful at that time, appeared to be a serious, good faith effort to resolve the litigation.

There was some give and take on all sides, but not enough to settle most of the claims. However, Plaintiff agreed to withdraw his claims against Asad Khan, M.D., and the Court

conducted a full and complete colloquy with Plaintiff to be sure he understood the consequences of his voluntary withdrawal of claims against Dr. Kahn, as well as to ensure his understanding of the settlement-mediation proceedings and his options at that time. Mr. Houser was at all times coherent, articulate and responsive, and Mr. Houser fully understood the nature of the mediation and the consequences of his decisions. The Court then entered the Order as agreed, and dismissed Dr. Kahn with prejudice. (ECF No. 137)

Plaintiff thereafter, on November 27, 2012, filed a Motion For Partial Voluntary Dismissal/ and or Notice of Voluntary Dismissal (ECF No. 140), seeking to dismiss most of the remaining claims against most of the defendants, and on November 28, 2012, a Motion for Reconsideration of Settlement (ECF No. 142) in which he indicated he would drop all claims "in return for Plaintiff and all my property to be transferred to SCI-Graterford immediately." *Id*. at ¶3. This counter-offer was made "[u]pon deep thought, and after medication (Benadryl and Zertec) is no longer affecting my thoughts and thinking." *Id*. at ¶2. The Department of Corrections Defendants filed a response rejecting the counter-offer (ECF No. 143), and the Court denied the motion for reconsideration of settlement on December 4, 2012, by text order. The text order advised Plaintiff, however, that "the parties may continue settlement discussions through direct correspondence with each other, without inclusion of the Court."

On December 5, 2012, the Court entered an Order (ECF No. 144) granting Plaintiff's motion for partial voluntary dismissal of his claims against a number of defendants (ECF No. 140). On December 18, 2012, Plaintiff filed a "Notice of Interlocutory Appeal/ Request for Answer" (ECF No. 144) from the December 5th Order granting his motion for partial voluntary dismissal, stating that the "particular COPY that was forward, 'Notice of Interlocutory Appeal/ Request for Answer' was mistakenly sent to you [the Court] due to the medication (Benadryl and

Zertec) that causes drowsiness and confusion." Id. at ¶3. According to Plaintiff, all parties and the Court "should have known" that he would never have meant to dismiss parties and claims with prejudice. *Id.* at ¶4. On January 3, 2012, Plaintiff filed a Supplement and Second Interlocutory Appeal (ECF No. 148) which embellishes on his averments in his Notice of Interlocutory Appeal/ Request for Answer that he mistakenly had filed the wrong motion for partial dismissal of claims when he meant to file another version of said motion.

Having personally observed and interacted with Plaintiff on November 20, 2012, and after his assurances that the "medication (Benadryl and Zertec) is no longer affecting my thoughts and thinking," this Court finds that Plaintiff knew and understood what he was doing and the consequences thereof when he filed his Motion For Partial Voluntary Dismissal/ and or Notice of Voluntary Dismissal (ECF No. 140), seeking to dismiss most of the remaining claims against most of the defendants. Plaintiff's disappointment with the Defendants' rejection of his counter-offer was the reason for his change of heart on his motion for partial voluntary dismissal, not "drowsiness and confusion."

After careful consideration of Plaintiff's Notice of Interlocutory Appeal/ Request for Answer and Supplement and Second Interlocutory Appeal, this Court deems his request to be in the nature of a motion for reconsideration of the Order of December 5, 2012. As such, said motion is HEREBY DENIED.

IT IS SO ORDERED this 4th day of January, 2013.

                                          s/ Cynthia Reed Eddy
                                          Cynthia Reed Eddy
                                          United States District Judge

cc:
Darien Houser
GL-7509
175 Progress Drive
Waynesburg, PA 15370