IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARIEN HOUSER,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　　)　　　　　No. 2:10-cv-00416
　　　　　　　　　　　　　　　　　)
LOUIS S. FOLINO, SUPERINTENDENT,　)
SCI-GREENE, DR. JIN, MD, PA DIGGS, and )
LUCAS-ANTONICH,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　)
　　　　　　　　　　　　　　　　　)
AMBROSE, Senior District Judge　　)
　　　　　　　　　　　　　　　　　)

## MEMORANDUM ORDER

The purpose of this Order is to clarify that the only remaining claim in this case is Plaintiff's claim for deliberate indifference to his medical needs under the Eighth Amendment.   In several of his recent filings, Plaintiff has proceeded as if the remaining claims in this case include not only the Eighth Amendment deliberate indifference claim, but also state tort (medical malpractice and negligence) claims.   See, e.g., ECF No. 318, at 4; ECF No. 328; ECF No. 331.   Although the Amended Complaint vaguely alludes to unspecified "state tort claims," Plaintiff, in December 2012, voluntarily dismissed all of the claims in his Amended Complaint, except for the deliberate indifference claims against the Medical Defendants and Defendant Folino related to the lump in his chest; ringing in his ears; mask on face; knot in right testicle; and failure to educate as to side effects of medication.   See ECF No. 184 (court order clarifying the docket); ECF No. 140 (Pl.'s Motion for Voluntary Dismissal).   Even if I were to find that Plaintiff's Motion for Voluntary Dismissal did not encompass Plaintiff's alleged medical malpractice and negligence claims against the Medical Defendants, such claims are nevertheless barred because Plaintiff failed to file a valid certificate of merit along with his claims as required under Pennsylvania law.   See, e.g., Turner v. Lopez, Civil Action No. 3:13-872, 2013 WL 6448313, at *9-*10 (M.D. Pa. Dec. 9,

2013) (citing cases holding that the "certificate of merit" requirement is a substantive rule of law that applies in medical malpractice proceedings in federal court); <u>Hodge v. Dep't of Justice</u>, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming dismissal of *pro se* medical negligence claim for failure to file a certificate of merit); Pa. R. Civ. P. 1042.3 (certificate of merit requirement).

In his most recent filings, Plaintiff further refers to additional federal claims, namely, claims under the Fifth and Fourteenth Amendments. (ECF No. 331, ¶ 4). Although he does not elaborate on the nature of these claims, or why he believes such claims remain in this case, neither claim can proceed under the facts as alleged in the Amended Complaint. First, the Fifth Amendment applies to actions of the federal government, not state actions. Because Plaintiff's claims are alleged against state actors, any Fifth Amendment claim must fail. See <u>Santos v. Secretary of D.H.S.</u>, 532 F. App'x 29, 33 (3d Cir. 2013). Second, the "explicit textual source" or "more-specific-provision" rule precludes any Fourteenth Amendment claim. This rule provides that "where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process [through the Fourteenth Amendment], must be the guide for analyzing these claims." <u>Albright v. Oliver</u>, 510 U.S. 266, 273 (1994). Because Plaintiff's claims here fit squarely within the Eighth Amendment's prohibition against deliberate indifference to a prisoner's medical needs, the more-specific-provision rule forecloses a Fourteenth Amendment substantive due process claim in this case. See <u>Betts v. New Castle Youth Development Ctr.</u>, 621 F.3d 249, 260-61 (3d Cir. 2010); <u>Climo v. Rustin</u>, Civil Action No. 11-1339, 2012 WL 3779178, at *5 (W.D. Pa. Aug. 31, 2012); <u>Giddings v. Joseph Coleman Ctr.</u>, 473 F. Supp. 2d 617, 623 (E.D. Pa. 2007), <u>aff'd</u>, 278 F. App'x 131 (3d Cir. 2008).

For these reasons, the only claim remaining in this case is Plaintiff's claim against the remaining Defendants for deliberate indifference to his medical needs under the Eighth Amendment related to the lump in his chest; ringing in his ears; mask on face; knot in right testicle; and failure to educate as to side effects of medication.

AND NOW, on this 16th day of November, 2015, IT IS SO ORDERED.


BY THE COURT:


/s/Donetta W. Ambrose_____
Donetta W. Ambrose,
U. S. Senior District Judge