IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:10-cv-00416 |
| LOUIS S. FOLINO, SUPERINTENDENT, SCI-GREENE, DR. JIN, MD, PA DIGGS, and LUCAS-ANTONICH, | ) ) ) ) |
| Defendants. | ) ) |
| AMBROSE, Senior District Judge | ) ) |

## ORDER ON MOTIONS IN LIMINE

The Medical Defendants filed Motions *in Limine.* (ECF No. 273, 276, 279, 281 and 285). Plaintiff filed a "Response and Objections to Medical Defendants, Jin, Diggs, and Lucas-Antanovich Motion in Limine and Objections to Defendants Response to Plaintiff Motion in Limine." (ECF No. 318). The issues are now ripe for review.

**1. Motion *in Limine* No. 273: Medical Defendants' Motion to Exclude the Testimony of Andre Staton, George Ivan Lopez, Orlando Baez, Harvey Miguel Robinson, and John Joseph Koehler, Jr.**

Plaintiff's Pretrial Statement lists five potential inmate witnesses: Andrew Staton, George Ivan Lopez, Orlando Baez, Harvey Miguel Robinson and John Joseph Koehler, Jr. In addition, Plaintiff produced Affidavits and Declarations from these five individuals as offers of proof regarding the substance of the testimony each of these inmates may provide. (ECF No. 273). The Medical Defendants move in limine to exclude the testimony of these proposed witnesses as irrelevant and/or unfairly prejudicial.

To the extent that the five witnesses listed above intend to testify to medical treatment they personally received or medical treatment they witnessed being provided to inmates other than Plaintiff, I agree that such evidence is irrelevant to Plaintiff's deliberate indifference claims under

1

Federal Rules of Evidence 401 and 402 because such testimony does not have a tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. Even if such evidence were minimally relevant, that probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. See Fed. R. Evid. 403.

Accordingly, the motion in limine is GRANTED in part and DENIED in part as follows: It is GRANTED as to Andre Staton, Orland Baez and Harvey Miguel Robinson and they are excluded from testifying as their affidavits demonstrate that they have no personal knowledge of Plaintiff's condition or the conduct of the Defendants as it relates to Plaintiff's claims. It is DENIED as to Ivan Lopez and John Joseph Koehler, Jr. and they are permitted to testify but **only** as to their observations of Plaintiff's medical condition and their observations of Plaintiff's pain and suffering.

2. **Motion *in Limine* No. 276: Medical Defendants' Motion to Preclude Hearsay, Speculation and Irrelevant Evidence**

The Medical Defendants move in limine to exclude the following items or categories of evidence based on hearsay, speculation, and/or irrelevance: evidence of any other lawsuits naming any of the Medical Defendants; evidence that Dr. Jin is responsible for other physicians and providers at SCI-Greene; evidence that PA Diggs and/or CRNP Antanovich are responsible for other medical providers at SCI-Greene; information that Plaintiff was told by other individuals; information that Plaintiff overheard; and evidence or allegations regarding claims abandoned or dismissed from Plaintiff's Complaint or Amended Complaint. (ECF No. 276).

After careful review of the motion and Plaintiff's response thereto, I agree that the following evidence should be excluded: evidence of other lawsuits against the Medical Defendants and evidence about other claims that have been abandoned or dismissed from Plaintiff's Complaint or Amended Complaint (i.e., any claims except for the Eighth Amendment deliberate indifference claims related to related to the lump in Plaintiff's chest; ringing in his ears; mask on face; knot in right testicle; and failure to educate as to side effects of medication). Such

evidence is irrelevant under Federal Rules of Evidence 401 and 402 to Plaintiff's remaining claims because it does not have a tendency to make the existence of any fact of consequence more or less probable than it would be without the evidence. Even if such evidence were minimally relevant, that probative value would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. See Fed. R. Evid. 403.

Regarding Defendants' hearsay concerns, Plaintiff represents in his opposition that he intends only to testify as to personal knowledge and will introduce evidence in the form of documents and witness testimony, not "third-party hearsay." See ECF No. 318, at 3. Although Plaintiff denies an intent to offer hearsay evidence, he also states that he may testify as to things he "heard for himself" and things "told [to him] directly." (ECF No. 318, at 3). I caution Plaintiff that he may not introduce any hearsay statements (hearsay statements are those statements not made during the trial) to prove the truth of the matter asserted in the statement, unless: 1) the statement is an admission of one of the Defendants; 2) a hearsay exception applies; or 3) the statement is otherwise admissible as non-hearsay under the Federal Rules of Evidence. Fed. R. Evid. 801, 802, 803. Because the pending motions and responses do not identify the specific out-of-court statements potentially at issue, I am unable to rule on the admissibility of particular statements at this juncture. The parties may raise more specific hearsay objections as appropriate at trial.

Regarding the third category of evidence – evidence that Dr. Jin, PA Diggs, and/or CRNP Antanovich are responsible for other providers at SCI-Greene – such evidence is admissible only to the extent it is relevant to whether the Medical Defendants themselves acted with deliberate indifference to Plaintiff's serious medical needs. To be clear, Plaintiff may not introduce such evidence to prove that the Medical Defendants are liable simply because they were responsible for other medical providers who may have been indifferent to Plaintiff's medical needs. *Respondeat superior* liability does not apply in Section 1983 actions. See Atkinson v. Taylor, 316 F.3d 257, 270 (3d Cir. 2003); Freeman v. Northumberland County, Civil No. 3:10–CV–2502,

2012 WL 715276, at *4 (E.D. Pa. Mar. 5, 2012) ("Civil rights claims brought cannot be premised on a theory of *respondeat superior*. . . . Rather, each named defendant must be shown . . . to have been personally involved in the events or occurrences which underlie a claim." (internal citations omitted)). Because the motion and response raise general principles rather than target particular evidence, I am unable to make individual admissibility rulings at this juncture. The parties may raise objections to specific evidence if and when necessary at trial.

For these reasons Motion in Limine No. 276 is GRANTED in part and DENIED in part as set forth above.

**3. Motion *in Limine* No. 279: Medical Defendants' Motion to Preclude Plaintiff's Expert, William S. Zillweger, M.D. from Testifying**

The Medical Defendants move in limine to preclude Plaintiff's medical expert, William S. Zillweger, M.D., from testifying at trial. (ECF No. 279). Defendants' primary argument is that Dr. Zillweger's opinions are inadequate because they are based on whether the Medical Defendants violated applicable "standards of care." (ECF No 280, Br. in Supp.). Defendants argue that, although a standard of care test may be relevant in state-law negligence actions, it does not apply to or support an Eighth Amendment deliberate indifference claim. Id. The Medical Defendants further argue that Dr. Zillweger insufficiently supports his opinions with conclusory allegations and that he fails to show causation. Id.

After careful review, I find that the Medical Defendants' arguments go to the weight of Dr. Zillweger's opinions and not to admissibility. Dr. Zillweger opines on each of the five medical conditions remaining in this case and the treatment Plaintiff received therefor. (ECF 279-1). Defendants are free to argue the points above to the jury in attempting to discredit Dr. Zillweger's testimony. The jury instructions will provide further guidance as to the applicable legal standards required to prove deliberate indifference, and Defendants may request additional limiting instructions if necessary to avoid confusion or otherwise. Defendants also may raise appropriate objections if warranted during the course of Dr. Zillweger's testimony at trial.

For all of these reasons, the motion in limine to preclude Dr. Zillweger's testimony (ECF No. 279) is DENIED.[1]

4. **Motion *in Limine* No. 281: Medical Defendants' Motion to Preclude Punitive Damages**

Plaintiff's Amended Complaint seeks punitive damages. (ECF No. 81). The Medical Defendants have moved in limine to preclude Plaintiff's request for punitive damages on the grounds that there is no evidence of egregious conduct and/or a conscious intent by the Medical Defendants to harm or injure Plaintiff. (ECF No. 281, ¶ 1). The United States Supreme Court has held that "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Courts within this Circuit have routinely permitted punitive damages claims to proceed to a jury in prisoner litigation, including Eighth Amendment cases alleging deliberate indifference to medical needs. See Douglas v. Jin, Civil Action No. 11-350, 2014 WL 1117934, at *2-*3 (W.D. Pa. Mar. 20, 2014) (citing cases).

The Supreme Court has stated that, in Section 1983 cases, it is "fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." Farmer v. Brennan, 511 U.S. 825, 836-37

---

[1] In his opposition, Plaintiff responds to the "standard of care" argument in part by suggesting that his action is based not only on deliberate indifference, but also on state tort (presumably medical malpractice and negligence) claims. (ECF No. 318, at 4). Although the Amended Complaint vaguely alludes to unspecified "state tort claims," Plaintiff, in December 2012, voluntarily dismissed all of the claims in his Amended Complaint, except for the deliberate indifference claims against the Medical Defendants and Defendant Folino related to the lump in his chest; ringing in his ears; mask on face; knot in right testicle; and failure to educate as to side effects of medication. See ECF No. 184 (court order clarifying the docket); ECF No. 140 (Pl.'s Motion for Voluntary Dismissal). Moreover, as I ruled previously (see ECF No. 335), even if I were to find that Plaintiff's Motion for Voluntary Dismissal did not encompass Plaintiff's alleged medical malpractice claims against the Medical Defendants, such claims are nevertheless barred because Plaintiff failed to file a valid certificate of merit along with his claims as required under Pennsylvania law. See, e.g., Turner v. Lopez, Civil Action No. 3:13-872, 2013 WL 6448313, at *9-*10 (M.D. Pa. Dec. 9, 2013) (citing cases holding that the "certificate of merit" requirement is a substantive rule of law that applies in medical malpractice proceedings in federal court); Hodge v. Dep't of Justice, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming dismissal of *pro se* medical negligence claim for failure to file a certificate of merit); Pa. R. Civ. P. 1042.3 (certificate of merit requirement).

(1994); see also In re Bayside Prison Litig., 331 F. App'x 987, 992 n.8 (3d Cir. 2009).  This Court already has held in its Opinion and Order denying Defendants' Motion for Summary Judgment that Plaintiff has stated facts that, if proven, could demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs.  (ECF Nos. 211-212).  If Plaintiff succeeds in proving his claim of deliberate indifference, which has been adequately alleged, then he may be entitled to recover punitive damages based on Defendants' "reckless or callous indifference to his federally protected rights."

As a result, the Medical Defendants' motion in limine to preclude Plaintiff's request for punitive damages is DENIED.  See Douglas, 2014 WL 1117934, at *2-*3 and cases cited therein.[2]

5. **Motion *in Limine* No. 285:   Medical Defendants' Motion to Preclude Claims Based on Time-Barred Medical Treatment or Care Decisions**

The Medical Defendants' final motion in limine seeks to preclude evidence of any claims barred by the two-year statute of limitations applicable to section 1983 deliberate indifference claims.  (ECF No. 285).   The Medical Defendants submit that the relevant time period at issue is the two-year period prior to the filing of Plaintiff's Amended Complaint on July 31, 2012.  Id. ¶ 6.  They argue, therefore, that any medical treatment or care decisions made prior to July 31, 2010, are not at issue and cannot provide a basis for liability.  Id. ¶¶ 9-10.

Although I agree that a two-year statute of limitations applies to Plaintiff's deliberate indifference claims, the motion in limine is denied to the extent it seeks reconsideration of issues that the Medical Defendants raised, and this Court rejected, at the summary judgment stage of this litigation.  In particular, Magistrate Judge Eddy held as follows in her Report and

---

[2] The Medical Defendants further argue in their brief that the Prison Litigation Reform Act, 18 U.S.C. § 3636(a)(1)(A), does not permit punitive damages awards.  (ECF No. 282, at 2).  Although the Medical Defendants cite two cases within this District in support of this argument, those cases are against the great weight of the case law within this Circuit, and I decline to adopt a similar interpretation of the PLRA here. See Douglas, 2014 WL 1117934, at *3 (rejecting this same argument and citing considerable authority supporting the availability of punitive damages in Eighth Amendment deliberate indifference cases involving prisoners).

Recommendation denying Defendants' Motion for Summary Judgment as adopted by this Court:

> The Medical Defendants' . . . argument is not convincing. All of Plaintiff's conditions, though apparently first "contracted" in 2007, continue to plague him, and he avers he has been seeking treatment for these conditions from that time to the present, but his requests continue to fall on deaf ears. The alleged deliberate indifference occurs each time treatment is refused or the deliberate indifference is otherwise made manifest. See Anders v. Bucks County, 2014 WL 1924114, *5, n. 9 (E.D.Pa. 2014) ("Because deliberate indifference is manifest when 'prison authorities deny reasonable requests for medical treatment ... and such denial exposes the inmate to undue suffering or the threat of tangible residual injury,' the plaintiff has a cause of action for each time her requests for medical care were denied.") (citing Lanzaro, 834 F.2d at 346–47).
>
> A section 1983 claim accrues when the plaintiff knows, or has reason to know, of the injury on which the claim is based. See Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir.1998). Plaintiff will often know of the refusal or delay of needed medical treatment when it occurs (although the exact timing of any delay in providing medical treatment may not present a bright line of demarcation). See Green v. Philadelphia County Prisons, 2006 WL 2869527, *6 (E.D.Pa. 2006) ("With the plaintiff's § 1983 Eighth Amendment cause of action, the injuries accrued on the date(s) that Avella and Sowers displayed the deliberate indifference to Mr. Green's medical needs. It was on those days that Mr. Green should have known he was injured under the Eighth Amendment.").
>
> Plaintiff's claims of deliberate indifference to his serious medical needs, therefore, encompass[] any *manifestations* of deliberate indifference made within two years of filing his initial complaint, which was on March 29, 2010. . . . .

(ECF Nos. 211, 212). This ruling makes clear that the operative date for calculating the applicable limitations period is March 29, 2010, the date of filing of the original complaint.

The Medical Defendants' current arguments in favor of instead counting back from the date of the Amended Complaint – July 31, 2012 – are untimely and unconvincing. As an initial matter, the Medical Defendants failed to raise this relation-back argument in their motion for summary judgment over two years ago and have provided no explanation for such failure.[3] The Medical Defendants' cursory treatment of this issue in their current briefs, including a lack of meaningful legal citation or analysis, fails to provide an adequate basis on which to revisit the

---

[3] In their Brief in Support of their Motion for Summary Judgment, the Medical Defendants argued that the limitations period commenced two years prior to the filing of the original complaint. (ECF No. 199, at 6).

7

Court's prior rulings on this issue.[4]

Accordingly, Plaintiff's actionable claims include any manifestations of deliberate indifference made within two years of his filing the initial Complaint, *i.e.*, on or after March 29, 2008. Although claims based on incidents of deliberate indifference prior to that date are time-barred, evidence predating the limitations period may be admissible if it is relevant to any of Plaintiff's timely claims. I will rule on objections to the admissibility of such evidence, if any, at trial.

For these reasons Motion in Limine No. 285 is GRANTED in part and DENIED in part as set forth above.

AND NOW, on this 16th day of November, 2015, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
U. S. Senior District Judge

---

[4] The Medical Defendants appear to acknowledge weakness in their relation-back argument as it pertains to Defendants Jin and Diggs, stating that the argument is "especially true" as to the claims against Defendant Lucas/Antanovich because she was not a named Defendant in the original complaint. (ECF No. 286, at 3). Again, however, even with respect to Lucas/Antanovich, the Medical Defendants fail to support their conclusory statements with any meaningful legal citation or analysis.