IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARIEN HOUSER,                                    )
                                                  )
                    Plaintiff,                    )
                                                  )
        vs.                                       )        No. 2:10-cv-00416
                                                  )
LOUIS S. FOLINO, SUPERINTENDENT,                  )
SCI-GREENE, DR. JIN, MD, PA DIGGS, and            )
LUCAS-ANTONICH,                                   )
                                                  )
                    Defendants.                   )
                                                  )
AMBROSE, Senior District Judge                    )
                                                  )

## MEMORANDUM ORDER

Plaintiff filed a Motion for Leave to Supplement and Add Defendants at ECF No. 352.

Defendant Folino filed a Response at ECF No. 356 and the Medical Defendants filed a Response

at ECF No. 357.   The issues are now ripe for my review.

In his Motion, filed less than two weeks prior to the start of trial in this case, Plaintiff seeks

permission to "add Wexford Medical, Corizon, Prison Health Services (PHS), and America

Service Group to this civil action as pertain to supervisor liability under respondeat superior and

vicarious liability."   [ECF No. 352, at 2].   This request is both untimely and without merit.

As an initial matter, to allow Plaintiff to supplement his causes of action and add new

parties at this late stage of the litigation would be highly prejudicial to both Defendants and the

parties sought to be added.[1]   It also would cause unnecessary delay in an action that already has

been pending for over five years.   Moreover, and in any event, the only claim remaining in this

case is a deliberate indifference claim under Section 1983.   It is well-established that individual

liability under Section 1983 cannot be based upon *respondeat superior* or vicarious liability

---

[1] In this regard, I note that proposed Defendant PHS was named as a Defendant in Plaintiff's original
Complaint in this lawsuit.   See ECF No. 3.   Plaintiff voluntarily dismissed this action against PHS three
years ago.   See ECF Nos. 140, 144.

1

theories.  See Chavarriaga v. NJ Dep't of Corrections, __ F.3d __, 2015 WL 7171306, at *5 (3d Cir. Nov. 16, 2015); Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988)).   For this reason as well, adding the proposed Defendants and claims would be futile and must be denied.

Accordingly, Plaintiff's Motion for Leave to Supplement and Add Defendants at ECF No. 352 is DENIED.

AND NOW, on this 24th day of November, 2015, IT IS SO ORDERED.


BY THE COURT:


/s/Donetta W. Ambrose
Donetta W. Ambrose,
U. S. Senior District Judge