IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, | ) |
| Plaintiff, | ) |
| vs. | ) No. 2:10-cv-00416 |
| LOUIS S. FOLINO, SUPERINTENDENT, SCI-GREENE, DR. JIN, MD, PA DIGGS, and LUCAS-ANTONICH, | ) |
| Defendants. | ) |
| AMBROSE, Senior District Judge | ) |

**ORDER ON MOTIONS IN LIMINE**

Plaintiff filed Motions *in Limine* at ECF No. 328. Defendant Folino filed a Response at ECF Nos. 346, and the Medical Defendants filed a Response at ECF No. 350. The issues are now ripe for review.

**1. Witness Criminal History**

Plaintiff requests that counsel for Defendants and Defendants be precluded from testifying or presenting evidence of Plaintiff's witnesses Staton, Robinson, Lopez, Koehler, and Baez's "criminal history, prior bad acts, disciplinary infractions and reasons why they are incarcerated/their criminal convictions." ECF No. 328, at 6. This Motion is GRANTED in part and DENIED in part as set forth below.

As an initial matter, Andre Staton, Orland Baez and Harvey Miguel Robinson have been precluded from testifying in this case because they have not averred any personal knowledge of Plaintiff's condition or the conduct of the Defendants as it relates to Plaintiff's claims. See ECF No. 336. Thus, I address only the testimony of witnesses Ivan Lopez and John Joseph Koehler, Jr. herein.

To the extent Plaintiff's Motion pertains to Mr. Koehler's and Mr. Lopez's convictions for

1

capital murder, Federal Rule of Evidence 609(a)(1) governs the admissibility of those convictions as impeachment evidence. Rule 609 provides, in relevant part, as follows:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>
> (1) for a crime that, in the convicting jurisdiction, <u>was punishable by death</u> or by imprisonment for more than one year, the evidence:
>
> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

Fed. R. Evid. 609(a) (emphasis added). The purpose of evidence admitted under Rule 609 is to aid the jury in assessing the credibility of a witness. The rule "is based upon the 'common sense proposition' that an individual who has 'transgressed society's norms by committing a felony is less likely than most to be deterred from lying under oath.'" Hagen v. Goss, Civil No. 1:10-CV-883, 2013 WL 2338438, at *3 (M.D. Pa. May 29, 2013) (quoting Walden v. Georgia-Pacific Corp., 126 F.3d 506, 523 (3d Cir. 1997)). Under the plain language of Rule 609(a)(1), I <u>must</u> admit evidence of the witnesses' capital convictions for impeachment purposes unless I find that the prejudicial effect of such evidence substantially outweighs its probative value under Rule 403. See Fed R. Evid. 609(a)(1)(A); 403.

In this case, witness credibility will be important in the jury's decision-making process. As such, Defendants should not be precluded from introducing the witnesses' capital convictions during cross-examination. Plaintiff has not offered any compelling reasons supporting the wholesale exclusion of these prior criminal convictions due to unfair prejudice under Rule 403. Although reference to felony convictions during impeachment entails some danger of prejudice, that prejudice "is not so overwhelming as to substantially outweigh the probative value under Rule 403 and thus justify a pretrial order excluding [all] evidence" of these convictions. Hagen, 2013

WL 2338438, at *4. In addition, based on the facts of this case, the witnesses' status as inmates will be obvious to the jury, further lessening the danger that evidence of their convictions will result in surprise or "unfair" prejudice. See id.; see also In re Paoli R. Yard PCB Litig., 916 F.2d 829, 859 (3d Cir. 1990) (noting that pretrial exclusion of evidence under Rule 403 is "an extreme measure that is rarely necessary, because no harm is done by admitting it at that stage").

For these reasons, Plaintiff's Motion in Limine is denied to the extent it seeks to exclude any mention of his witnesses' capital convictions. In so ruling, however, I recognize that the specific nature of these charges – *i.e.*, capital murder – "adds a heightened element of prejudice to any cross examination which ventures into the criminal histories of inmate-witnesses." Hagen, 2013 WL 2338438, at *4. As other courts within this Circuit have explained, "A murder conviction . . . has the potential to do more than create a credibility handicap. It has the potential to so prejudice the jury that its weighing of all the factual issues in the entire case may be impaired." Id. (internal quotations omitted) (citing cases). To combat this potential prejudice, I will permit admission of the fact of the witnesses' felony convictions and resulting imprisonment without further detail. That is, Defendants may disclose the fact of the witnesses' felony convictions and resulting imprisonment, but may not disclose the underlying offense of conviction. This approach "reconciles the probative value of convictions for impeachment purposes, while minimizing any unfair prejudice which may spring from the precise nature of the crime of conviction." Id. This ruling is consistent with the approach taken by other courts within this Circuit confronted with similar evidentiary issues. See id. (citing cases).

Defendant Folino further responds that any criminal history that involves *crimen falsi* (i.e., convictions involving dishonesty, fraud, or false statements) would be admissible automatically, under Rule 609 without reference to Rule 403. Defendants, however, acknowledge that they currently do not have access to the witnesses' criminal conviction records to know if such convictions exist. (ECF No. 346, at 2 & n.1). Indeed, other than the capital murder convictions, there is no evidence before me concerning the witnesses' criminal history, disciplinary history,

3

and/or other prior bad acts. Accordingly, I am unable to rule on the admissibility of such potential evidence at this juncture.

Finally, Defendant Folino notes that evidence regarding the housing situation of witnesses Lopez and Koehler – i.e., in the restricted housing unit – is relevant for cross-examination purposes because the limitations and restrictions imposed by that housing are relevant to the witnesses' ability to perceive and observe Plaintiff. According to Defendant Folino, the evidence will show that inmates in this unit are in their cells for 22 hours per day and have very limited ability to talk to or see each other. [ECF No. 346, at 2-3]. I agree with Defendants that this evidence is relevant to the witnesses' ability to perceive and observe Mr. Houser, and may be addressed on cross-examination. To minimize potential prejudice, however, Defendants may not refer to the housing unit as the "capital" unit or otherwise refer to the fact that the inmates are capital prisoners. Defendants may refer to the unit as the "L-5 housing unit" or "restricted housing unit."

**2. Plaintiff's Refusal to Take Medical Trip**

Plaintiff next asks that I exclude any mention of Plaintiff's refusal to go on a medical trip that his prior counsel ordered and requested. Plaintiff contends that this subject matter would require Plaintiff to call prior counsel as a witness and to address particulars that are part of *Houser II*, a civil action that is not before this Court. [ECF No. 328, at 7]. Plaintiff's Motion to exclude this evidence is DENIED.

Although Plaintiff does not identify the "medical trip" to which this request relates it appears that he is referring to a mammogram that his own expert witness, Dr. Zillweger, scheduled and that Plaintiff refused to attend in August 2015. See ECF No. 350, at 4-5; ECF No. 346, at 3-4; see also ECF No. 249-1, at 2, 28, Ex. E (Dr. Zillweger's notes and prescription ordering mammogram). As Defendants note, one of Plaintiff's chief complaints in this case is that Defendants should have had prescribed a mammogram of the lump in his chest and that he feared he may have cancer. I agree that evidence of Plaintiff's refusal to attend this test once finally prescribed by his own doctor is relevant to the defense. There is no indication that

Plaintiff's refusal to attend the test had anything to do with his prior counsel. Thus, contrary to Plaintiff's contention, it would be unnecessary to call former counsel to testify at trial. Also, since Plaintiff's enlarged breast and demands for a mammogram are issues in this case ("*Houser I*"), Plaintiff's concerns regarding allowing improper testimony about claims in "*Houser II*" are unfounded.

### 3. Testimony Concerning Plaintiff's Angioedema

Plaintiff requests that I preclude Defendants and their witnesses from testifying at trial to anything that surrounds Plaintiff's angioedema "other than the fact that it is very likely that Plaintiff['s] angioedema which was medically induced was a direct result of medications being piled on top of medications." ECF No. 328, at 7. Plaintiff states that he does not intend to testify to any of the particulars of his "medically induced condition Angioedema/Anaphylaxis." Id. This Motion is GRANTED in part and DENIED in part.

Although Plaintiff's angioedema is not one of the four enumerated medical conditions remaining at issue in this case, Plaintiff has contended that the angioedema may have resulted from the Medical Defendants' alleged failure to educate him as to the side effects of medication. Thus, evidence of Plaintiff's angioedema is relevant and admissible to the extent it pertains to Plaintiff's claims in this case, and Plaintiff's Motion to exclude such evidence is DENIED to this extent.

Plaintiff's Motion is GRANTED, however, to the extent Defendants intend to introduce evidence of Plaintiff's angioedema that is unrelated to the side effects claim. As set forth above, with the exception of the side effects claim, the only medical conditions at issue in this case are: lump in chest; ringing in ears; mask on face; and knot in testicle. The question is whether Defendants were deliberately indifferent to these specific medical needs. Whether or not Defendants properly addressed other medical conditions not at issue in this case is irrelevant to this question.

### 4. Other Claims Mentioned in *Houser II*

Plaintiff asks that I preclude Defendants from testifying to "other claims mentioned in *Houser II*." [ECF No. 328, at 7]. This Motion is GRANTED in part and DENIED in part.

The Motion is granted to the extent that Defendants may not introduce evidence at trial of claims that are not at issue in this case. Such evidence includes evidence as to whether Defendants were deliberately indifferent to medical conditions other than those specific conditions that remain at issue in this case. The motion is denied, however, to the extent the issues in *Houser I* and *Houser II* overlap. Evidence that otherwise would be relevant in this case (*Houser I*) shall not be excluded simply because it also is relevant to Plaintiff's claims in *Houser II*. Such evidence includes, for example, evidence regarding Plaintiff's enlarged breast and request for mammogram. [ECF No. 346, at 5].

### 5. Testimony of Defendants' Medical Expert

Plaintiff requests that I preclude Defendants' medical expert, Dr. Itskowitz, from testifying to anything in the field of his expertise unless he provides copies of his credentials before trial. Plaintiff also seeks preclusion of Dr. Itskowitz's testimony as to Plaintiff's physical injuries, mental emotional distress, and pain and suffering, because he is an expert "in medicine only" and did not conduct a physical examination of Plaintiff. [ECF No. 328, at 7]. This Motion is DENIED.

Regarding Dr. Itskowitz's credentials, the Medical Defendants supplied copies of Dr. Itskowitz's nine-page CV as well as his narrative report with their Supplemental Pretrial Statement filed on July 27, 2015 (ECF No. 252) and mailed again to Plaintiff by the Court on November 10, 2015. As set forth in the CV, Dr. Itzkowitz is a licensed medical doctor and a Board Certified physician in Internal Medicine. He intends to testify regarding his review of pertinent medical documents and his learned opinions concerning the issues in this case. The remaining issues raised in Plaintiff's Motion go to the weight of Dr. Itzkowitz's testimony in this regard, and not its admissibility.

For these reasons the Motions in Limine set forth in ECF No. 328 are GRANTED in part and DENIED in part as set forth above.

AND NOW, on this 24th day of November, 2015, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
U. S. Senior District Judge