IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 2:10-cv-00416 |
| LOUIS S. FOLINO, SUPERINTENDENT, SCI-GREENE, DR. JIN, MD, PA DIGGS, and LUCAS-ANTONICH, | ) ) ) ) |
| Defendants. | ) ) |
| AMBROSE, Senior District Judge | ) ) |

## **ORDER ON SUPPLEMENTAL MOTION IN LIMINE**

Plaintiff filed a Supplemental Motion *in Limine* with leave of court at ECF No. 348. Defendants filed Responses at ECF Nos. 355 and 358. The issues are now ripe for review.

1. Plaintiff first requests that I preclude Defendants from testifying or using the phrase "super-max corrections facility" to refer to SCI-Greene where Plaintiff is imprisoned. Defendants do not object to this request. Accordingly, this portion of Plaintiff's Motion in Limine is granted. Defendants shall not refer to SCI-Greene as a "super-max" corrections facility at trial.

2. Next, Plaintiff asks that I preclude Defendants from testifying "to anything that can be proven through material documentation such as what defendants look[] for, consider[], and rel[y] upon, including the additional layer of review provided by the medical professionals at the bureau of health care services." [ECF No. 348, at 2]. Plaintiff states that "such testimony can be proven and must be proven through policy, not word of mouth." Id. It is unclear exactly what Plaintiff seeks to exclude in this request. To the extent Plaintiff suggests that witness testimony is inappropriate whenever documentary evidence also is available, that suggestion is contrary to the rules of evidence and is without merit. Plaintiff may raise applicable objections to specific testimony or documentation at trial. To the extent Plaintiff is referring to medical assessments

1

and diagnoses proffered by the Medical Defendants, the Medical Defendants may testify as to what they look for, consider, and rely upon in making an assessment. To the extent Plaintiff objects to any testimony about the Bureau of Health Care Services ("BHCS"), and the layer of review that it provides in connection with Plaintiff's health care grievances, I also decline to categorically exclude such evidence at this juncture. Defendant Folino avers that when any inmate appeals a medical grievance to final review, the grievance appeal is usually referred to BHCS for evaluation and the final decision is reported back to the inmate, with a copy to the Superintendent (here, Folino). Thus certain BHCS evidence may be relevant to Defendant Folino's subjective knowledge and intent in connection with the deliberate indifference claim against him.

3. Third, Plaintiff requests that I preclude Defendant from testifying to the responsibilities of any witness or another person or agency such as BHCS, unless the "physical body/person is present." ECF No. 348, at 2. This request is denied. The Medical Defendants may testify as to the responsibilities of other health care professionals that provided care and treatment to Plaintiff to the extent that they have personal knowledge of those responsibilities and the testimony is relevant to Plaintiff's claims against Defendants in this case. Plaintiff may raise individual objections to specific testimony, if appropriate, at trial. With respect to any relevant BHCS reports (part of the grievance package), I agree with Defendant Folino that there is no reason to have a BHCS professional appear in Court to testify about the content of those reports in this case. [ECF No. 355, at 3]. The reports are not hearsay because Defendant Folino intends to offer them only to show that Folino was aware of the BHCS decisions and not for the truth of the matter asserted in the reports. As set forth above, Folino's subjective awareness and intent are relevant to whether he was deliberately indifferent to Plaintiff's medical needs. To the extent Defendants attempt to offer the BHCS reports for reasons other than those set forth in their response, Plaintiff may raise appropriate objections, if any, at trial.

4. Plaintiff asks that I preclude Defendants from testifying to Plaintiff's "grievance

2

history, [p]atient management notes unless the dictator is testifying, including notations made in progress notes, physician orders and any other document that is not being testified to by the writer, drawer, dictator, etc." [ECF No. 348, at 2]. This blanket request is denied. Defendant Folino is permitted to testify as to Plaintiff's grievance history to the extent it is relevant to Folino's state of mind and knowledge of Plaintiff's care with respect to the four medical conditions remaining in this case (Plaintiff's lump in chest; ringing in ears; mask on face; and knot in testicle).[1] To the extent Plaintiff further objects to any testimony regarding entries in his medical chart unless the "dictator" is present, that request also is denied. Under Rules of Evidence 803(3), (4), and (6), medical records are often admissible as exceptions to the hearsay rule. In addition, trial witnesses RNS Grego, Dr. Jin and other medical professionals either personally made many of the entries in Plaintiff's chart, or review and refer to those entries in the course of performing their duties. For these reasons, categorical exclusion of Plaintiff's medical records is inappropriate at this juncture.

For these reasons the Motions in Limine set forth in ECF No. 348 are GRANTED in part and DENIED in part as set forth above.

AND NOW, on this 24th day of November, 2015, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
U. S. Senior District Judge

---

[1] Defendant Folino has indicated that he does not intend to offer Plaintiff's grievance history list or summary into evidence. ECF No. 355, at 3. In addition, to the extent Defendants intend to introduce grievances related to other medical conditions not at issue in this case, such evidence is irrelevant to this question and must be excluded.

3