IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DARIEN HOUSER,

    Plaintiff,

vs.

No. 2:10-cv-00416

LOUIS S. FOLINO, SUPERINTENDENT,
SCI-GREENE, DR. JIN, MD, PA DIGGS, and
LUCAS-ANTONICH,

    Defendants.

AMBROSE, Senior District Judge

## ORDER OF COURT

Plaintiff filed Objections to Medical Defendants' Pretrial Statements and Objections and Response to Defendant's Narrative Statement. (ECF No. 347). Based on the same, it is ordered as follows:

<u>Plaintiff's Objections to Medical Defendants' Pretrial Statements and Narrative Statement</u>

1. Lucas-Antanovich was added as a Defendant in the Amended Complaint. (ECF No. 81).[1]

2. The Court has previously clarified the claims remaining in this case. The only claim remaining in this case is a claim for deliberate indifference under the Eighth Amendment. See ECF No. 335.

3. As ruled in ECF No. 336, Plaintiff's actionable claims include any manifestations of deliberate indifference made within two years of his filing the initial Complaint, *i.e.*, on or after March 29, 2008. Claims based on incidents of deliberate indifference prior to that date are time-barred, and evidence of such claims is inadmissible. Evidence of Plaintiff's medical conditions predating the limitations period may be admissible only if it is relevant to any of

---

[1] Each numbered paragraph in this Order addresses the corresponding numbered paragraph in Plaintiff's Objections and any specific objection contained therein.

Plaintiff's timely deliberate indifference claims. See ECF No. 336.

4. The Court has previously clarified the claims remaining in this case. The only claim remaining in this case is a claim for deliberate indifference under the Eighth Amendment. See ECF No. 335.

5. The Court recognizes that Plaintiff seeks both compensatory and punitive damages in this case. Whether Plaintiff is entitled to such damages is a question for the jury at trial. As set forth in ECF No. 327, Plaintiff's request for a "damages qualified jury" is denied. Plaintiff's concerns will be addressed through appropriate voir dire and instructions to the jury.

6. Plaintiff's eleventh-hour request to add witnesses Sgt. Jenkins, Sgt. Crutchman, LPN Beabout, and inmate Omar Cash is denied. Plaintiff has not listed these individuals on any of his pretrial statements or provided any offer of proof or explanation of relevance justifying the addition of these witnesses at this late date.

7. Plaintiff's objections in paragraph 7 have previously been addressed by this Court in my Order on Plaintiff's Motions in Limine at ECF No. 363.

8. As set forth in ECF No. 327, Plaintiff's requests for a sequestered jury and for a damages qualified jury are denied. Plaintiff's concerns will be addressed through appropriate voir dire and instructions to the jury. To the extent Plaintiff requests appointment of counsel, that request is denied. Plaintiff is a civil litigant and, as such, does not have a constitutional right to counsel. Nevertheless, the Court was able to secure trial counsel for Plaintiff in this case. Both Plaintiff and counsel, however, sought withdrawal, which the Court granted. The Court's efforts to obtain counsel for Plaintiff have been exhausted.

9. The Court, in its discretion, has allotted four days for trial of this case – December 1-4, 2015.

<u>Plaintiff's Objections and Response to Defendant Folino's Narrative Statement</u>

10. The Court has previously clarified the claims remaining in this case. The only claim remaining in this case is a claim for deliberate indifference under the Eighth Amendment.

See ECF No. 335. As ruled in ECF No. 336, Plaintiff's actionable claims include any manifestations of deliberate indifference made within two years of his filing the initial Complaint, *i.e.*, on or after March 29, 2008. Claims based on incidents of deliberate indifference prior to that date are time-barred, and evidence of such claims is inadmissible. Evidence of Plaintiff's medical conditions predating the limitations period may be admissible only if it is relevant to any of Plaintiff's timely deliberate indifference claims. See ECF No. 336.

11. Again, the Court has previously clarified the claims remaining in this case. The only claim remaining in this case is a claim for deliberate indifference under the Eighth Amendment. See ECF No. 335. With respect to Plaintiff's objection in this paragraph to background evidence regarding how inmates obtain medical care at SCI-Greene, that objection is overruled. Such evidence may be relevant to Plaintiff's deliberate indifference claims in this case. Defendants, however, shall not be permitted to refer to SCI-Greene as a "super-max" facility or to refer to Plaintiff's unit as the "capital" housing unit.

12. Plaintiff's concerns in this paragraph are duplicative of those raised and addressed in paragraphs 1-9 above.

13. Regarding Plaintiff's contention that Defendants entered into an agreement consenting to Magistrate Judge Eddy presiding at trial of this case, Plaintiff has neither provided a copy of any such agreement nor pointed to any such agreement appearing on the record in this case. Counsel for Defendant Folino denies knowledge of a consent agreement. (ECF No. 354). If anything, the docket reflects Plaintiff's desire to have the magistrate judge removed from this case earlier in the proceedings. See, e.g., ECF No. 89 (Plaintiff's Motion for Recusal of Magistrate Judge). Trial of this case will proceed before me as scheduled beginning on December 1, 2015.

AND NOW, on this 24th day of November, 2015, IT IS SO ORDERED.

        BY THE COURT:

        /s/Donetta W. Ambrose
        Donetta W. Ambrose,
        U. S. Senior District Judge