IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DARIEN HOUSER, | ) |
| Plaintiff, | ) )  ) |
| vs. | ) No. 2:10-cv-00416 ) |
| LOUIS S. FOLINO, SUPERINTENDENT, SCI-GREENE, and DR. JIN, MD, | ) ) ) |
| Defendants. | ) ) |
| AMBROSE, Senior District Judge | ) ) ) |

## **MEMORANDUM ORDER OF COURT**

Pending is Plaintiff's Motion for Newly Discovered Evidence. [ECF No. 396]. Defendants Louis Folino and Dr. Jin each filed a Brief in Opposition. [ECF Nos. 398, 399]. Plaintiff's Motion requests that I vacate the December 4, 2015 judgment entered after a jury verdict in favor of Defendants and grant a new trial in this case based on two ultrasound reports dated in February 2016. [ECF No. 396-2; 396-4]. Plaintiff contends that these ultrasound reports show that Dr. Jin testified falsely at trial regarding Plaintiff's gynecomastia and testicular knot. [ECF No. 396]. After a careful review of the submissions of the parties, Plaintiff's Motion is denied.

> Federal Rule of Civil Procedure 60(b)(2) provides that:
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . .

Fed. R. Civ. P. 60(b)(2). The decision to grant or deny relief under Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant

circumstances. Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). Under Rule 60(b)(2), the term "newly discovered evidence" refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). A party is entitled to a new trial only if the newly discovered evidence is "(1) material and not merely cumulative; (2) could not have been discovered prior to trial through the exercise of reasonable diligence; and (3) would probably have changed the outcome of the trial." Id.

In this case, the "evidence" Plaintiff attaches to his motion is not "newly discovered" within the meaning of Rule 60(b)(2) – *i.e.*, it is not information that was available but unknown at the time of trial. Rather, the reports and records at issue were generated in 2016 – well *after* trial. Moreover, since the 2016 reports postdate Dr. Jin's treatment of Plaintiff during the relevant time period, the new reports are immaterial to the claims against Dr. Jin that Plaintiff presented to the jury. Finally, contrary to Plaintiff's arguments, nothing in the 2016 records is inconsistent with Dr. Jin's testimony regarding Plaintiff's medical conditions or otherwise suggests a basis that would have changed the outcome of the trial. For all of these reasons, Plaintiff Darien Houser's Motion for Newly Discovered Evidence [ECF No. 396] is denied.

AND NOW, this 21st day of March, 2016, it is so ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
Senior U.S. District Judge