IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIEN HOUSER,<br><br>Plaintiff,<br><br>vs.<br><br>LOUIS S. FOLINO, SUPERINTENDENT, SCI-GREENE, and DR. JIN, MD,<br><br>Defendants.<br><br>AMBROSE, Senior District Judge | ) | No. 2:10-cv-00416 |

**MEMORANDUM ORDER OF COURT**

Pending are Plaintiff's Motion for Relief of Judgment/Order Based on Fraud or Newly Discovered Evidence [ECF No. 401] and Plaintiff's Motion for Reconsideration of Motion for New Trial [ECF No. 402]. Defendants Louis Folino and Dr. Jin each filed Briefs in Opposition to Plaintiff's Motions. [ECF Nos. 404, 406, 407, 408]. After a careful review of the submissions of the parties, Plaintiff's Motions are denied.

**A. Motion for Relief of Judgment/Order Based on Fraud and/or Newly Discovered Evidence**

Plaintiff's Motion for Relief of Judgment/Order Based on Fraud or Newly Discovered Evidence asks that I vacate the December 4, 2015 judgment in favor of Defendants and grant a new trial in this case based on a report summarizing a February 2016 ultrasound examination of Plaintiff's testicles. [ECF No. 401-2]. Plaintiff contends that this ultrasound report shows that Dr. Jin testified falsely at trial regarding Plaintiff's alleged testicular knot. [ECF No. 401]. Essentially, this Motion restates arguments asserted in a prior "Motion for Newly Discovered Evidence" that I denied on March 21, 2016. [ECF No. 400]. Indeed, it appears that Plaintiff drafted the instant Motion on March 20, 2016, before he received my Order denying his previous request. [ECF No. 401 at p.4].

Federal Rule of Civil Procedure 60(b) provides, in relevant part, that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> . . . .
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . .

Fed. R. Civ. P. 60(b)(2), (3). The decision to grant or deny relief under Rule 60(b) lies in the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). Under Rule 60(b)(2), the term "newly discovered evidence" refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991). A party is entitled to a new trial only if the newly discovered evidence is "(1) material and not merely cumulative; (2) could not have been discovered prior to trial through the exercise of reasonable diligence; and (3) would probably have changed the outcome of the trial." Id.

As set forth in my March 21, 2016 Order [ECF No. 400], the "evidence" Plaintiff attaches to his motion is not "newly discovered" within the meaning of Rule 60(b)(2) – *i.e.*, it is not information that was available but unknown at the time of trial. Rather, the ultrasound report at issue was generated in February 2016 – well *after* trial. Moreover, since the 2016 ultrasound postdates Dr. Jin's treatment of Plaintiff during the relevant time period, the new report is immaterial to the claims against Dr. Jin that Plaintiff presented to the jury. Finally, contrary to Plaintiff's arguments, nothing in the 2016 record is inconsistent with Dr. Jin's testimony regarding Plaintiff's medical conditions or otherwise suggests a basis that would have changed the outcome of the trial.

To the extent that Plaintiff raises "fraud" or other misconduct as a basis for reconsideration for the first time in this Motion, he has not presented any evidence to support this claim for relief. As set forth above, the February 2016 ultrasound report post-dates the trial by over two months.

Thus, nothing in the report speaks to Plaintiff's conditions during the relevant time period. In addition, nothing in the report is inconsistent with Dr. Jin's testimony regarding Plaintiff's alleged testicular knot or otherwise suggests misconduct that affected the outcome of the trial.

For all of these reasons, Plaintiff's Motion for Relief of Judgment/Order Based on Fraud or Newly Discovered Evidence [ECF No. 401] is denied.

**B. Motion for Reconsideration**

Plaintiff's Motion for Reconsideration [ECF No. 402] requests that I reconsider on various grounds my March 1, 2016 Order denying his Motion for a New Trial. [ECF No. 395]. The purpose of a motion for reconsideration is to correct a clear error of law or fact or to prevent a manifest injustice in the District Court's original ruling. United States v. Dupree, 617 F.3d 724, 732 (3d Cir. 2010). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available prior to the Court's original ruling; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995). "Motions for reconsideration should be granted sparingly because of the interests in finality and conservation of scarce judicial resources." Payne v. DeLuca, No. 02-1927, 2006 WL 3590014, at *2 (W.D. Pa. Dec. 11, 2006). Such motions are not for addressing arguments that a party should have raised earlier. "Though '[m]otions to reconsider empower the court to change course when a mistake has been made, they do not empower litigants ... to raise their arguments, piece by piece.'" Dupree, 617 F.3d at 732-33 (quoting Solis v. Current Dev. Corp., 557 F.3d 772, 780 (7th Cir.2009)).

Plaintiff's instant Motion largely restates arguments he asserted in prior motions. See ECF No. 401 ¶¶ 8-11, 14-17. Plaintiff has not identified any intervening change in law, the availability of new evidence, or any clear error or manifest injustice associated with my prior

rulings on the issues he raises in these paragraphs. Accordingly, there is no basis on which to reconsider these arguments. I address the remaining paragraphs of Plaintiff's motion in turn.

Paragraph 1 of Plaintiff's Motion is introductory in nature and does not raise a specific argument requiring response.

Paragraph 2 of the Motion complains about the claims permitted to go forward at trial. Specifically, Plaintiff suggests that, in addition to his Eighth Amendment deliberate indifference claim, he should have been permitted to proceed with "negligence and other state tort claims" at trial. [ECF No. 402, at 1-2 ¶ 2]. This argument is without merit and does not warrant reconsideration or a new trial. As an initial matter, Plaintiff did not raise this argument in his original Motion for New Trial, and there is no reason he could not have done so. Plaintiff likewise did not object at trial to the claims presented to the jury or object at the charge conference to the claims as framed in the jury instructions. As set forth above, motions for reconsideration are not vehicles for raising arguments that could have been brought earlier. Moreover, this Court repeatedly ruled on this argument prior to trial and outlined for Plaintiff exactly what claims remained in this case. See, e.g., ECF Nos. 335, 338, 366.

Paragraphs 3-7 of Plaintiff's Motion concern his argument that I erred in refusing to appoint him new counsel after allowing his prior *pro bono* counsel to withdraw their representation. [ECF No. 402, at 2-5]. In large part, these paragraphs merely restate allegations Plaintiff raised in his original Motion for New Trial. [ECF No. 386, at 1-4]. In addition to my Order on Plaintiff's Motion for New Trial, I addressed both Plaintiff's arguments and counsel's concerns on the record during a conference on August 27, 2015, at which Plaintiff participated via video. [ECF No. 289].[1] Plaintiff has not identified any intervening change in

---

[1] Several times in his Brief, Plaintiff complains that I refused his request for copies of both pretrial and trial transcripts. On December 23, 2015, I properly denied Plaintiff's premature Motion for Production of Transcripts because, inter alia, Plaintiff's request did not fall within the circumstances set forth in 28 U.S.C. § 753(f), requiring the payment by the United States of fees for transcripts provided to persons permitted to appeal *in forma pauperis* if the trial judge or a circuit judge certifies that the appeal is not frivolous (but

law, the availability of new evidence, or any clear error or manifest injustice associated with my prior rulings on these issues. Thus, there is no basis on which to reconsider these arguments.

Paragraph 12 of Plaintiff's Motion addresses alleged "insufficient notice" of the video deposition of Dr. Jin's medical expert, Dr. Itzkowitz. [ECF No. 402, at 8-10]. Again, I addressed this argument at length in my March 1, 2016 Order denying Plaintiff's Motion for New Trial, and Plaintiff provides no basis for reconsideration of my ruling here. I also addressed Plaintiff's objections prior to the deposition itself, ordering that Dr. Jin be permitted to take the deposition for use at trial only and that he arrange for Plaintiff's participation by video. [ECF No. 337]. Plaintiff incorrectly states in the Motion for Reconsideration that the deposition took place on December 1, 2015 (the first day of trial), and, therefore, that I should have required Dr. Itzkowitz to testify at trial on that day. Id. at 9. As the record clearly establishes, however, the deposition occurred on November 25, 2015 at 1:40 P.M., and Dr. Itzkowitz testified under oath that he was unable to be present in court on or after December 1, 2015. [ECF No. 374, at 38]. Plaintiff's arguments concerning his inability to travel to the deposition due to the effect of his security restraints on his medical conditions also are unfounded. As set forth above and in my Order denying Plaintiff's original Motion, Defendants made significant attempts to secure Plaintiff's participation by video so that he would not have to travel. Plaintiff, however, refused all such efforts. Plaintiff's decision not to participate in the deposition under these circumstances simply is not grounds for a new trial.

Paragraph 13 of Plaintiff's Motion cites ultrasound reports dated in early 2016 as "new evidence" contradicting Dr. Jin's testimony regarding his enlarged breast and testicular knot. [ECF No. 402, at 10-11]. These issues are identical to those Plaintiff raised in his "Motion for Newly Discovered Evidence" [ECF Nos. 396], which I properly denied on March 21, 2016 [ECF

---

presents a substantial question). [ECF No. 385]. This ruling, of course, does not preclude Plaintiff from reasserting his request if and when he files his notice of appeal.

No. 400], and in his nearly identical Motion for Relief Based on Newly Discovered Evidence [ECF No. 401] that I both address and deny above.

For all of these reasons, Plaintiff's Motion for Reconsideration [ECF No. 402] is denied.

AND NOW, this 18th day of April, 2016, it is so ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose___________
Donetta W. Ambrose,
Senior U.S. District Judge